**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ORA K. EATMON,** | ) | **CASE NO.1:07CV1636** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | **ORDER ADOPTING REPORT AND** |
| **SECURITY** | ) | **RECOMMENDATION OF** |
| | ) | **MAGISTRATE JUDGE** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Report and Recommendation of the Magistrate Judge (ECF #22), recommending the Court affirm the Commissioner's final determination denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under 42 U.S.C. §405(g) and 42 U.S.C. §1383 c)(3). For the following reasons, the Report and Recommendation is Modified, in part, and Adopted and the denial of DIB and SSI is AFFIRMED.

**I. BACKGROUND**

1

Plaintiff Ora K. Eatmon, was fifty-three years old as of the date of the Administrative Law Judge's ("ALJ") decision, therefore, classified as a "person closely approaching advanced age." 20 C.F.R. § 404.1563(d). Eatmon has at least a tenth grade education though her actual education level is unknown. (Tr. 620). Eatmon's past work experience includes employment as a flagger and construction worker (Tr. 78, 90-97, 620, 824, 832-33).

Plaintiff filed applications for DIB and SSI on March 13, 2001, alleging an onset date of August 16, 1999. The Commissioner denied Plaintiff applications initially and upon reconsideration.[1]

A hearing was held before ALJ Rita Eppler on May 7, 2003. Plaintiff's claims were denied in a decision dated January 30, 2004. Plaintiff timely requested review of this decision to the Appeals Council which also denied the claims in a decision dated April 7, 2004, making the ALJ's decision the final decision of the Commissioner.

Plaintiff commenced an action in United States District Court pursuant to 42 U.S.C. §405(g) and §1383(c)(3) for judicial review of the Commissioner's decision. The Court reversed the ALJ's decision with instructions on remand for consideration of whether Plaintiff met or medically equaled Section 12.05(C) of 20 C.F.R. Part 404, Subpart P, Appendix 1, the Adult Mental Retardation Listing ("Listings").

On March 6, 2006, Plaintiff appeared with counsel and testified at a new hearing before the same ALJ. Carl Hartung, Vocation Expert, also appeared and testified. Considering all the testimony, Plaintiff's age, education, past work experience, and Residual Functional Capacity ("RFC"), the ALJ determined Ms. Eatmon could perform a limited range of light and sedentary

---

[1] Plaintiff filed a prior application for DIB on May 3, 2000 which was denied on Reconsideration by the State Agency on October 13, 2000.

work, specifically:

> the claimant retains the residual functional capacity to lift/carry 30 pounds occasionally and 15 pounds frequently; sit up to eight hours in an eight-hour workday; stand up to eight hours in an eight-hour workday; walk a total of six hours in an eight-hour workday, one hour at a time; occasionally crawl and climb ladders and stairs; never work at unprotected heights or around moving machinery. The claimant has "mild" restrictions on working in temperatures and humidity extremes and "moderate" restrictions on working around dust, fumes, or gases. The claimant has "mild" to "moderate" limitations in her ability to understand, remember, follow instructions, concentrate, and pay attention but with the ability to perform repetitive tasks, interact "mildly" with others, and "mildly" to "moderately' tolerate stress, as defined as impacting on work requiring production quotas or time pressures.

(Tr 625-26).

Plaintiff filed Objections to the ALJ's decision. On April 4, 2007, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff initiated this civil action for judicial review pursuant to 42 U.S.C. §405(g) and §1383(c)(3) on June 4, 2007. On August 29, 2008, the Magistrate Judge issued his Report and Recommendation, recommending the Court affirm the ALJ's denial of Plaintiff's claims. On September 15, 2008, Plaintiff filed her Objections to the Magistrate Judge's Report and Recommendation.

## II. LAW AND ANALYSIS

The findings of the ALJ in a Social Security hearing are conclusive, if supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept [as adequate to support a conclusion]." *Richardson, id.; Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). The Sixth Circuit has also held that "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial

3

evidence to support a different conclusion . . . This is because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003); *Foster*, 279 F.3d at 353. The Court will therefore "not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (quotation omitted).

### A. Plaintiff's Objections

Plaintiff challenges the decision of the Commissioner by raising two issues: (1) the Commissioner failed to follow the agency's own rules and regulations in determining the weight to be given treating physicians' opinions; and (2) failure to find Plaintiff's mental condition met or equaled §12.05(C) of the Listing of Impairments of Appendix 1. Each Objection is discussed in turn.

### B. Opinion of Treating Psychiatrist Dr. Haar

Plaintiff objects to the Magistrate Judge's finding that the ALJ had provided "good reasons" for not giving treating psychiatrist Dr. Haar's opinion controlling weight while failing to consider the factors of 20 C.F.R. § 404.1527(d). By failing to consider the factors outlined in the CFR, Plaintiff contends the ALJ's decision must be remanded.

The ALJ's decision states,

On April 13, 2001, Jay Haar, M.D., the claimant's treating psychiatrist, opined that the claimant is "markedly" limited in six areas of work activity, including maintaining regular attendance, completing a normal work, and responding appropriately to criticism. Other areas were "moderately" limited (Exhibit 6F,

4

> p.11). However, Dr. Haar's notes do not indicate that he performed formal mental status evaluations, only that he talked with the claimant. Furthermore, just three months prior to his opinion, and with no apparent change in the claimant's mental condition, Dr. Haar "encouraged (the claimant) to find a job as soon as possible . . ." (Exhibit 6F). For the limitations expressed, Dr. Haar appears to have based his opinion on the claimant's own statements, which are not credible. Consequently controlling weight cannot be given to Dr. Haar's opinion.

(Tr. 66).

The Magistrate Judge concluded that the CFR does not require a psychiatrist perform a "'formal mental status evaluation' as the decision suggests." Furthermore, the Magistrate Judge determined that the absence of substantial objective documentation is not sufficient grounds to reject psychiatric opinion. Also, the Magistrate Judge concluded there was no evidence that Eatmon deceived Dr. Haar on any matter. However, the Magistrate Judge determined it was "clearly reasonable for the ALJ to discount the doctor's conclusions in light of the inconsistency of his recommendation or encouragement to work."

Plaintiff contends that when an ALJ declines to give controlling weight to a treating physicians opinion the ALJ must apply several factors to the treating physicians opinion to explain what weight, if any, it accords the opinion. Those factors are found in 20 CFR § 404.1527(d) and include:

-length of the examining relationship and frequency of examination;

-nature and extent of the treatment relationship;

-supportability of the opinion;

-consistency of the opinion with the record as a whole; and

- the specialization of the treating source.

See *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004) ("if an opinion

5

of a treating source is not accorded controlling weight, an ALJ must apply certain factors...in determining what weight to give the opinion.") Plaintiff contends that because the ALJ failed to apply these factors and failed to state what weight was given Dr. Haar's opinion, remand is mandated.

The Court disagrees with Plaintiff's Objection and finds the ALJ provided good reason for rejecting Dr. Haar's opinion. First, the ALJ determined that Dr. Haar did not perform any formal mental status evaluations on Plaintiff when he rendered his April 13, 2001 opinion on her limitations. Though the Magistrate Judge believed the ALJ's opinion suggests such an evaluation is necessary, the Court finds it equally plausible that the ALJ's inclusion of this statement is merely to provide a basis for her conclusion that Dr. Haar's opinion is based on nothing more than the Doctor's interview with Plaintiff. The ALJ found Dr. Haar's opinion that Plaintiff was markedly limited in six areas of work activity inconsistent with his suggestion, just three months earlier to Plaintiff, that she find a job as soon as possible. Nothing in the record demonstrated any change in Plaintiff's mental condition in that three month period and no formal testing was done that would support the apparent change in the doctor's opinion. The ALJ accepted and adopted the medical opinion of Dr. Schonberg, the consulting psychologist who performed an assessment of Plaintiff's intellectual functioning and mental status. The ALJ determined Dr. Shonberg's assessment was "well supported by the evidence of record." The ALJ also determined that the opinions of the State Agency psychologists were also consistent with the assessed residual functional capacity and did not support the opinions of Dr. Haar.

Furthermore, the ALJ determined that Plaintiff is not credible. That determination is well supported in the ALJ's decision. Therefore, the ALJ's examination of the basis for Dr. Haar's

6

opinion that Plaintiff is markedly limited in six areas of work activity is pertinent and appropriate. Because Dr. Haar's April 13, 2001 opinion differed sharply from his apparent recommendation just three months prior to Plaintiff that she find a job as soon as possible, the ALJ could reasonably conclude that without some objective diagnostic basis, Dr. Haar's April 13, 2001 opinion of Plaintiff's limitations should not be given controlling weight.

In reaching this conclusion the Court finds the ALJ did, in fact, consider the CFR factors used to determine the weight given to a treating physicians opinion. First, the ALJ considered the supportability of Dr. Haar's opinion when she determined it was based on the non-credible statements of Plaintiff, which were not supported by any objective criteria or Dr. Haar's opinion based on prior conversations with Plaintiff.

Second, the ALJ's decision reflects that she considered Dr. Haar's April 2001 opinion inconsistent with the opinion of other psychologists, inconsistent with the medical record and inconsistent with Dr. Haar's own prior recommendation that Plaintiff find a job as soon as possible.

Third, the records cited by the ALJ supporting her decision declining to give controlling weight to Dr. Haar's April 13, 2001 opinion addresses the nature and extent of the treatment relationship. Furthermore, the length of time Plaintiff was treated by Dr. Haar was discussed in the ALJ's January 30, 2004 opinion, which was incorporated by reference along with the evidence and testimony in the ALJ decision of September 26, 2006. Finally, the ALJ opinion also accurately reflects Dr. Haar's specialization as a psychiatrist. Therefore, the Court finds the ALJ properly gave good reasons supported by substantial evidence to discount Dr. Haar's April 13, 2001 opinion and the record reflects the ALJ properly considered the factors found in 20

C.F.R. § 404.1527(d).

**B.  Dr. Frantz**

Plaintiff objects to the Magistrate Judge's Report and Recommendation because she alleges the Magistrate Judge failed to apply the appropriate law and failed to find the ALJ followed the applicable regulations and rules for determining the weight given to Dr. Frantz's opinion.

The Magistrate Judge correctly cited the appropriate law which holds "the ALJ must provide good reasons for discounting treating physicians' opinions, reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 242 (6th Cir. 2007).  However, immediately after a lengthy discussion on the need for specificity by the ALJ in finding good reasons for discounting the treating physicians opinion, the Magistrate Judge held, "although a little reading between the lines is required, it is not difficult to discern the reason for rejecting Dr. Frantz's opinion."  Plaintiff objects and the Court agrees that if "reading between the lines is required," the ALJ has not met the regulatory requirement of specificity.  However, the Court finds that the ALJ has met the regulatory requirement of specificity and modifies the Magistrate Judge's recommendation accordingly.

The ALJ clearly rejected Dr. Frantz's opinion of November 30, 2001, which stated Plaintiff could only stand/walk three hours and lift/carry 10 pounds occasionally and five pounds frequently.  Dr. Frantz also opined that Plaintiff was "unemployable."  The ALJ held that Dr. Frantz's opinion of November 30, 2001 differed from his earlier assessment of December 19,

8

2000, which the ALJ determined was 'essentially consistent with the assessed residual functional capacity." (TR 626). The ALJ described at length the medical evidence of Plaintiff's various conditions and found such evidence did not support "a more restrictive residual functional capacity." (TR 626). The ALJ relied on the medical evidence and the opinions of David Dunbar, M.D., the medical expert at the first hearing, and Dr. Shonberg, the consulting psychologist. The ALJ found Dr. Frantz's opinion that Plaintiff was "unemployable" was a determination exclusively reserved for the Commissioner.(Tr 626). The ALJ also determined that Dr. Frantz's assessment of Plaintiff's functional abilities as "poor" and "fair" were "too nebulous to be useful." (Tr. 626). The ALJ then determined Dr. Frantz assessed Plaintiff as having a more restrictive residual functional capacity in 2001 even though "there was no significant change in the findings to warrant the greater restriction findings."(Tr 626). The ALJ concluded that " it appears Dr. Frantz based his assessment on an 'interview with the patient' and, again, the claimant's assertions are not entirely credible." (TR 626). Therefore the ALJ concluded Dr. Frantz's November 2001 opinion could not be given controlling weight.

The Court finds the ALJ's decision adequately provides "good reasons" for rejecting Dr. Frantz's November 2001 opinion. The ALJ's decision addresses the 20 C.F.R. § 404.1527(d) factors, finding Dr. Frantz's November 2001 opinion was not supported by the medical evidence, was not consistent with the medical evidence or Dr. Frantz's earlier assessment, and was based largely on the statements of Plaintiff, whose credibility the ALJ addressed at length and found wanting. The ALJ's decision addresses the nature and extent of the treating relationship and incorporates by reference the greater discussion of the length of Dr. Frantz's treatment of Plaintiff. The Court finds the ALJ adhered to the rules and regulations in discounting Dr.

9

Frantz's November 2001 opinion and provided good reasons for discounting his November 2001 opinion. Therefore, the Court finds Plaintiff's Objections are without merit and Accepts and Adopts, with modification, the Magistrate Judge's recommendation that the ALJ's rejection of Dr. Frantz's November 2001 opinion was properly supported.

**§12.05 of the Listing Impairments**

Plaintiff Objects to the Magistrate Judge's recommendation that the Court affirm the ALJ's finding that Plaintiff's mental condition met or equaled §12.05(C) Listing of Mental Retardation. Plaintiff contends the Magistrate Judge failed to recognize the faulty factual basis for the Commissioner's analysis of Plaintiff's adaptive reasoning and that such faulty basis means the ALJ's decision was not based on substantial evidence. The ALJ determined Plaintiff's impairments did not meet or medically equal Listing §12.05(C), which begins with the requirement of an IQ test score in the range of 60 to 70.[2] Psychologist Dr. Shonberg administered the Wechsler Adult Intelligence Scale-III test to Plaintiff on October 11, 2001, and the results were a verbal IQ score of 68, performance score of 77 and a full scale score of 70. (TR. 430). The lowest of these scores is used in conjunction with listing 12.05. See 20 C.F.R. 404, Subpt. P, App. 1 12.00D(6)(c): *Abbott v. Sullivan,* 905 F.2d 918 (6th Cir. 1990).

A claimant cannot establish disability under Listing 12.05(C) with low IQ scores alone - the claimant's functioning must reflect mental retardation as well. The ALJ specifically found

---

[2] 12.05      Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied...
C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

that Plaintiff had borderline intellectual function ("BIF"). (Tr. 631).  Courts recognize the distinction between mental retardation and BIF.  *Maggard v. Apfel,* 167 F.3d 376, 380 (6th Cir. 1999). Substantial evidence exists which supports the ALJ's finding of BIF.  No single medical source diagnosed Plaintiff with mental retardation; Dr. Shonberg diagnosed Plaintiff with BIF (Tr. 430, 625); Dr. Dunbar, the medical expert who appeared at Plaintiff's initial hearing, testified Plaintiff had BIF (Tr. 589);and Douglas J. Pawlarczyk, Ph.D. State Agency Psychiatrist, determined Plaintiff had BIF (Tr. 450).  These medical professionals have all indicated Plaintiff's condition is less severe than mental retardation.

Plaintiff further argues that she medically equals Listing 12.05(C) due to her other impairments and deficits in adaptive functioning.  To establish medical equivalence, a claimant must present "medical findings equal in severity to **all** the criteria for the one must similar listed impairment." *Sullivan,* 493 U.S. at 531 (emphasis added).   The record fails to document a specific diagnosis of mental retardation nor the significant deficits in adaptive functioning necessary to satisfy the criteria of Listing 12.05(C).

The Court finds, upon review of the record, that the ALJ correctly determined that Plaintiff did not have mental impairment that met or medically equaled Listing §12.05(C) based on substantial evidence in the record as outlined by the ALJ and Magistrate Judge.  In addition, the record demonstrates Plaintiff functions at a higher level than her IQ scores may indicate.  Even were this Court to agree with Plaintiff that the ALJ overstated some of the facts relating to Plaintiff's functioning level, there was still substantial evidence of her higher functioning as outlined by the Magistrate Judge and ALJ sufficient to support affirmance.

Therefore, the Court finds that the ALJ's determination that Plaintiff was not under a

disability was supported by substantial evidence, and therefore, the Court ADOPTS with modification, the Report and Recommendation of the Magistrate Judge and AFFIRMS the denial of benefits.

       IT IS SO ORDERED.


                                                S/Christopher A. Boyko
                                             CHRISTOPHER A. BOYKO
                                             United States District Judge

March 31, 2009